Sedgwick, Oh. J.
(Concurring).—If the plaintiff or the assignee for creditors, be assignee of the money due under the contract of French with the board of education, the city of New York is not generally liable, and the board of education has not been made a defendant.
The only claim made for the plaintiff in this action is under section 1838, chapter 410 of the Laws of 1882. The claim is that the city is in possession of the fund which represents the money due upon the contract, and that the plaintiff has a lien upon this fund, under the statute.
The section reads, “ This act shall apply to and include all cases and contracts under which work and materials have heretofore been, or shall hereafter be done and furnished, upon any land, the title of which was, at the time of the making of the contract, and now is, in any city, and for the performance of which appropriations have been made or shall hereafter be made and raised by any city.”
The decision of this appeal will be limited to the construction of this section, although, no doubt, there are other important questions in the case.
The section presents difficulties. I am of the opinion that the learned judge below had the true view, which is that the act was to apply when two conditions concurred, the one, that work and material were done and furnished *465 upon land, the title of which was in the city; and the other, that the city had appropriated money for the performance of the contract. In the general legislation in respect of contracts with the city, there was no more common or important limitation than that contracts should be paid out of appropriations made in respect of such contracts. It would be a reversal of the previous policy on the subject not to provide for satisfaction out of appropriation, and almost useless to provide for a lien on account of money due upon a contract to improve land, unless there should be some fund for the payment of the contract, which would most generally arise from an appropriation. The second condition referred to would be naturally attached to the first, upon the first being expressed, and in accordance with the policy that has been noticed. If it were not intended that there should be a double condition, the second would be sufficiently comprehensive without mention of the first, unless the legislative intent was to provide for a lien in all cases where contracts for improvement of the land of the city had been made. Few such contracts are made unless contemporaneously with the appropriation of money for their payment. It is a maxim of construction to deem ihat general clauses are made for things that the more frequently occur. It cannot be successfully contended that in this case work or material were furnished upon land. In that part of the appeal that concerns the judgment given in favor of the respondent against the city, it must be held that the appellant is not aggrieved by it. For, if in fact, the appellant had a lien, the present judgment would not prevent its being finally enforced.
Judgment is affirmed, with costs.